## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DAVID L. COOKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )**Civil Action No.:   04-BE-3529-S** |
| | ) |
| **GLAXOSMITHKLINE,  PLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendant's Motion for Summary Judgment (doc. 11). For the reasons stated on the record at the December 19, 2005 hearing and summarized below, the court finds that the Motion is due to be **GRANTED**.

Plaintiff David L. Cooke sued Defendant SmithGlaxoKline for unlawful employment retaliation pursuant to Title VII.  Plaintiff claimed that he was retaliated against after making a complaint to Defendant's Human Resources department regarding his supervisor's alleged discriminatory conduct.  Defendant argued that Plaintiff did not suffer any adverse employment action, and that it had legitimate, non-discriminatory reasons for its conduct.

The court finds that Plaintiff did not establish a genuine issue of fact with respect to his *prima facie* case of retaliation.  The counseling and disciplinary memoranda at issue are not adverse employment actions because they did not constitute an "ultimate employment decision," nor did they have a substantial effect on the terms, conditions, or privileges of employment.  *See Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998); *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1238-40 (11th Cir. 2001).  Moreover, the court concludes that Plaintiff

did not suffer a constructive discharge because no facts show that Plaintiff's employment was "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Wardwell v. School Bd. of Palm Beach Cty., Fla.*, 785 F.2d 1554, 1557 (11th Cir. 1986).

Even if Plaintiff had established an adverse employment action, he showed no causal connection between the adverse action and Plaintiff's initial complaint to Human Resources. Plaintiff's first "coaching" memorandum was received *before* Plaintiff complained to Defendant about Mr. Maitrejean's discriminatory conduct.  This memorandum addressed specific areas of concern regarding Plaintiff's work performance: (1) absences from work; (2) communication with his supervisor; (3) recording sales calls; (4) filing expense reports; and (5) honesty.  Many of these areas form the basis of the future disciplinary memoranda that Plaintiff rests his retaliation claim upon.  Also, the first two disciplinary memoranda issued after Plaintiff's complaint about Maitrejean were written by a regional vice-president - not his supervisor.  Based on the facts in this case, the court finds that no evidence of retaliatory motive exists when an employer follows up on a disciplinary process that was in motion before the protected conduct occurred.  *See Morgan v. Hilti*, 108 F.3d 1319, 1324 (10th Cir. 1997).  Consequently, Plaintiff's *prima facie* case fails.

Assuming *arguendo* that Plaintiff established a *prima facie* case, Defendant proffered legitimate, non-discriminatory reasons for its conduct.  Plaintiff failed to establish an issue of fact rebutting these reasons.  Accordingly, Plaintiff did not satisfy his burden of proving pretext.

For the reasons stated above, Defendant's Motion for Summary Judgment will be granted by a separate order filed contemporaneously with this opinion.

DONE and ORDERED this 19th day of December, 2005.


KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE